CT Corporation

**Service of Process Transmittal**
01/03/2018
CT Log Number 532565299

TO: Talaya Kluttz
Synchrony Financial
332 Minnesota St Ste W600
Saint Paul, MN 55101-1535

RE: **Process Served in Utah**

FOR: Synchrony Lending, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gregory Collins, etc., Pltf. vs. Synchrony Financial, et al., Dfts. // To: Synchrony Lending, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Diego County Superior Court of California, CA Case # 37201700049876CLNPCTL |
| **NATURE OF ACTION:** | Complaint for damages for violations |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/03/2018 at 14:36 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after service |
| **ATTORNEY(S) / SENDER(S):** | Abbas Kazerounian Kazerouni Law Group, Apc 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626 800-400-6808 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0112228126 |
| | Image SOP |
| | Email Notification,  Talaya Kluttz  talaya.l.kluttz@syf.com |
| | Email Notification,  Synchrony Financial Litigation  syf.litigation@synchronyfinancial.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1108 East South Union Avenue Midvale, UT 84047 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / HE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

R Brown PT
R 100B345  1/31/18  14:36

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Synchrony Financial; Synchrony Lending, Inc. d/b/a Synchrony Bank
f/k/a GE Capital Retail Bank; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gregory Collins

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td><b>ELECTRONICALLY FILED</b><br>Superior Court of California,<br>County of San Diego<br><b>12/26/2017</b> at 12:49:25 PM<br>Clerk of the Superior Court<br>By Marivel Martinez-Frengel, Deputy Clerk</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br>(El nombre y dirección de la corte es):  Superior Court of California, San Diego<br><br>Central Division - Hall of Justice<br>330 West Broadway, San Diego, CA 92101</td><td>CASE NUMBER:<br>(Número del Caso):<br><br>37-2017-00049876-CL-NP-CTL</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Abbas Kazerounian, Kazerouni Law Group, 245 Fischer Ave., Ste. D1, Costa Mesa, CA 92626, 800-400-6808

<table>
<tr><td>DATE:<br>(Fecha)    12/27/2017</td><td>Clerk, by<br>(Secretario)   <i>M. Martinez-Frengel</i><br>M. Martinez-Frengel</td><td>, Deputy<br>(Adjunto)</td></tr>
</table>

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

<table>
<tr><td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td><td><b>SUMMONS</b></td><td>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov</td></tr>
</table>

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/26/2017** at 12:49:25 PM
Clerk of the Superior Court
By Marivel Martinez-Frengel,Deputy Clerk

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Emily C. Beecham, Esq. (315462)
emily@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Gregory Collins

**SUPERIOR COURT OF CALIFORNIA**
**FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

| | |
|---|---|
| **GREGORY COLLINS, an individual,** | Case No.: 37-2017-00049876-CL-NP-CTL |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | • **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, *ET SEQ.*;** |
| **SYNCHRONY FINANCIAL; SYNCHRONY LENDING, INC. d/b/a SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK; and DOES 1-20, inclusive,** | • **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.*;** |
| **Defendants.** | • **CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PEN. CODE §§ 630, *ET SEQ.*; AND** |
| | • **NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |
| | **LIMITED – UNDER $25,000** |
| | **[IMAGED FILE]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff GREGORY COLLINS ("Plaintiff"), by and through his attorneys, brings this individual complaint for damages and any other available legal or equitable remedies, to challenge the actions of SYNCHRONY FINANCIAL ("Synchrony Financial"), SYNCHRONY LENDING, INC. d/b/a SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("Synchrony Bank"), and DOES 1-20 ("Doe Defendants") (collectively "Defendants"), for unlawfully and abusively attempting to collect an alleged debt allegedly owed by Plaintiff.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights, and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The TCPA was designed to prevent calls and messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

6.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8.  Unless otherwise stated, all of the conduct alleged herein occurred in the County of San Diego, State of California.

9.  Any and all violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of each named defendant.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over all Defendants because each Defendant conducts substantial business in the County of San Diego, State of California. Thus, Defendants have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in this state to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. This Court has subject matter jurisdiction over this action because the conduct complained

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

of herein occurred within the County of San Diego, State of California, and within the jurisdiction of this Court.

13. This action arises out of Defendants' violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788, *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*; California's Invasion of Privacy Act ("CIPA"), California Penal Code §§ 630, *et seq.*; and acts of negligence.

14. Venue is proper in the Superior Court of California for the County of San Diego, Central Division, because Plaintiff resides in the City of El Cajon, County of San Diego, State of California, which is within the jurisdiction of this Court.

**PARTIES**

15. Plaintiff is a natural person who resides in the City of El Cajon, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing.

16. Plaintiff is a "debtor" as that term is defined under California Civil Code § 1788.2(h).

17. In addition, Plaintiff is a "consumer" as that term is defined under 15 U.S.C. § 1692a(3).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant Synchrony Financial is a corporation organized and existing under the laws of the State of Delaware, with its principal office location in Stamford, Connecticut.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant Synchrony Bank is a corporation organized and existing under the laws of the State of Delaware, with its principal office location in Draper, Utah.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, each Defendant conducted business in the County of San Diego, State of California.

21. Plaintiff is informed and believes, and thereon alleges, that each Defendant, during the ordinary course of business, regularly, on behalf of itself and/or others, engages in "debt collection" as that term is defined under California Civil Code § 1788.2(b); and is therefore, a "debt collector" as that term is defined under California Civil Code § 1788.2(c).

22. This case involves money, property, or their equivalent, due or owing, or alleged to be due

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

or owing, from a natural person to another person, primarily for personal, family, or household purposes. As such, this action involves a "consumer debt" incurred as the result of a "consumer credit transaction" as those terms are defined under California Civil Code § 1788.2.

23. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate, or otherwise, of the Doe Defendants, are unknown to Plaintiff. Thus, Plaintiff sues these defendants by such fictitious names pursuant to California Civil Procedure Code § 474. Plaintiff is informed and believes, and alleges thereon, that each defendant designated as a "Doe" is involved in, or is in some manner responsible, as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events, and/or acts described herein, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these Doe Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

24. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, the Doe Defendants, 1 through 20, were agents or employees of each of their co-defendants, and by engaging in the conduct alleged herein, each was acting within the scope of their authority as such agent or employee, and with the permission and consent of their co-defendants, and each of them.

### FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff was and is an individual residing in the State of California.

26. Upon information and belief, at all times relevant, Defendants did and continue to conduct business in the State of California.

27. Sometime prior to August 2017, Plaintiff allegedly incurred financial obligations to Defendants, in the form of money, property, or their equivalent, which is due or owing, or alleged to be due or owing, by Plaintiff, who is a natural person, to Defendants. Thus, this matter involves a "debt" as that term is defined under California Civil Code §1788.2(d); and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1     additionally, a "consumer debt" as defined under California Civil Code §1788.2(f) and 15

2     U.S.C. § 1692a(5), because the debt was allegedly incurred primarily for personal, family,

3     or household purposes.

4    28. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the

5     alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt is or

6     was actually owed.

7    29. As a result of the alleged debt, sometime prior to August 2017, Plaintiff began to receive

8     numerous telephone calls from Defendants in an attempt to collect the alleged debt. This

9     conduct by Defendant amounts to "debt collection" as that phrase is defined under California

10     Civil Code § 1788.2(b).

11    30. On or about August 29, 2017, Plaintiff, by and through his attorney, sent a Cease and Desist

12     Letter to Defendants, both by fax and U.S. mail, thereby notifying Defendants that Plaintiff

13     is represented by counsel and requesting that Defendant cease all communications with

14     Plaintiff, and instead direct all future communications to Plaintiff's attorney.

15    31. Despite this explicit request to cease communications with Plaintiff, Defendants continued

16     to place calls to Plaintiff. These telephone calls constitute "debt collection" as that phrase is

17     defined under California Civil Code § 1788.2(b), and are prohibited communications in

18     violation of California Civil Code § 1692c(a)(3).

19    32. On or about August 30, 2017, at approximately 8:05 AM, Defendants placed a call to

20     Plaintiff's landline telephone number, from telephone number (866) 419-9370, in an attempt

21     to collect upon an alleged debt.

22    33. During this call, Plaintiff discussed the details of his account, including private and

23     confidential matters relating to Plaintiff's finances.

24    34. During the course of this call, Plaintiff asked if the call was being recorded, to which the

25     agent replied in the affirmative.

26    35. There was no pre-recorded warning that the call would be recorded or monitored; and at no

27     time during the call did the agent voluntarily inform Plaintiff that the call was being recorded.

28    36. Plaintiff did not give consent for the call to be recorded or monitored.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

37. Plaintiff desired the communication to be confidential because Plaintiff's private account information was discussed.

38. Upon information and belief, all calls are recorded by Defendants.

39. The telephone call(s) recorded by Defendants were "confidential communications" as that term is defined under California Penal Code § 632(c).

40. Plaintiff is informed and believes, and thereon alleges, that these surreptitious recordings and other unauthorized connections were accomplished through the use of an electronic amplifying or recording device as prohibited by California Penal Code § 632(a).

41. Defendants violated Plaintiff's constitutionally protected right to privacy by failing to advise or otherwise provide notice at the outset of the telephone communication that the conversation would be recorded.

42. Plaintiff was damaged by the unlawful recording of his private and confidential telephone communication with Defendants.

43. On or about August 30, 2017, at approximately 8:13 AM, Defendants placed a call to Plaintiff's cellular telephone number, from telephone number (678) 518-2061, in an attempt to collect upon an alleged debt.

44. On or about August 31, 2017, at approximately 12:20 PM, Defendants placed a call to Plaintiff's home telephone number, from telephone number (866) 873-5580, in an attempt to collect upon an alleged debt.

45. On or around September 3, 2017, at approximately 12:24 PM, Defendants placed a call to Plaintiff's cellular telephone number, from telephone number (866) 419-9370, in an attempt to collect upon an alleged debt.

46. Upon information and belief, in each of the above-referenced calls to Plaintiff, Defendants used an automatic telephone dialing system ("ATDS") as defined under 47 U.S.C. § 227(a)(1), and prohibited under 47 U.S.C. § 227(b)(1)(A).

47. Upon information and belief, Defendants' ATDS has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

48. Upon information and belief, Defendants' ATDS has the capacity to, and does, dial telephone

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1    number stored as a list or in a database without human intervention.

2    49.  The telephone number that Plaintiff was reached at was assigned to a cellular telephone

3        service for which Plaintiff incurs a charge for incoming calls, pursuant to 47 U.S.C.

4        § 227(b)(1).

5    50.  This unwanted telephone call constitutes a call that was not for emergency purposes as

6        defined under 47 U.S.C. § 227(b)(1)(A)(i).

7    51.  Plaintiff did not provide express consent to Defendants to receive calls on Plaintiff's cellular

8        telephone, pursuant to 47 U.S.C. § 227(b)(1)(A); rather, Plaintiff expressly revoked consent,

9        if there was any, when Plaintiff's attorney sent Defendants a Cease and Desist Letter on

10       Plaintiff's behalf.

11   52.  Each of the abovementioned telephone calls from Defendants to Plaintiff were attempts to

12       collect upon an alleged debt and thus, "debt collection," as that phrase is defined under

13       California Civil Code § 1788.2(b).

14   53.  Through this conduct, Defendants violated 15 U.S.C. § 1692c, by initiating communications

15       with Plaintiff after Defendants were notified in writing by Plaintiff's attorney that all

16       communications regarding the alleged debt must be directed to Plaintiff's attorney. This

17       section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus,

18       Defendant acted in violation of the RFDCPA.

19   54.  When an individual seeks counsel to represent them in cases such as these, they trust that

20       their attorney will handle all legal matters. When companies such as Defendants attempt to

21       communicate with an individual who is represented by an attorney, such conduct interferes

22       with the attorney-client relationship.

23   55.  Here, Defendants were on notice that Plaintiff was represented by an attorney, yet

24       Defendants continued to harass Plaintiff by contacting Plaintiff regarding an alleged debt.

25   56.  Through this conduct, Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the

26       natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with

27       the collection of an alleged debt. This section is incorporated into the RFDCPA through

28       California Civil Code § 1788.17; thus, Defendants acted in violation of the RFDCPA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

57. Through this conduct, Defendants violated 15 U.S.C. § 1692d(5), by engaging in conduct the natural consequence of which was to cause a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. This section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus, Defendants acted in violation of the RFDCPA.

58. Through this conduct, Defendants violated California Civil Code § 1788.17, by using unfair and unconscionable means to collect upon an alleged debt. This section is incorporated into the RFDCPA through California Civil Code § 1788.17; thus, Defendants acted in violation of the RFDCPA.

59. As a direct and proximate result of Defendants' willful misconduct, as alleged herein, Plaintiff has suffered actual damages.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA")
### Cal. Civ. Code §§ 1788-1788.32

60. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA by Defendants.

62. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for any knowing or willful violation, in an amount up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c), from Defendants.

### SECOND CAUSE OF ACTION FOR NEGLIGENT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")
### 47 U.S.C. §§ 227, ET SEQ.

63. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, pursuant to 47

1    U.S.C. § 227, *et seq.*

2    65.   As a result of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award

3          of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §

4          227(b)(3)(B).

5          **THIRD CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**
6          **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**
           **47 U.S.C. §§ 227, *ET SEQ.***

7    66.   Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this

8          Complaint as though fully stated herein.

9    67.   The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA,

10         including but not limited to each and every one of the above-cited provisions of the TCPA,

11         pursuant to 47 U.S.C. § 227, *et seq.*

12   68.   As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled

13         to treble damages up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. §

14         227(b)(3)(C).

15         **FOURTH CAUSE OF ACTION FOR**
16         **VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT ("CIPA")**
           **CAL. PEN. CODE §§ 630, *ET SEQ.***

17   69.   Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this

18         Complaint as though fully stated herein. Defendants recorded, or otherwise made

19         unauthorized connections, to telephone calls with Plaintiff.

20   70.   Plaintiff had an expectation of privacy in his conversations with Defendants and did not

21         consent to the illegal recording or unauthorized connections to his telephone conversations

22         with Defendants.

23   71.   As a result of such misconduct, Defendants are liable for the greater of $5,000.00 per

24         violation or three times the amount of actual damages sustained by Plaintiff.

25   72.   Such conduct by Defendants was willful, deliberate, malicious, and intentional, and violated

26         California Penal Code §§ 632 and 637.2.

27   //

28   //

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**FIFTH CAUSE OF ACTION FOR**
**NEGLIGENCE**

73. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

74. Defendants owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid contacting Plaintiff after receiving a Cease and Desist Letter from Plaintiff's attorney.

75. Defendants breached their duty of care by continuing to contact Plaintiff directly on multiple occasions after having been put on notice that Plaintiff was represented by counsel, and that Defendants should direct all communications to Plaintiff's attorney and cease contact with Plaintiff.

76. By continuing to contact Plaintiff directly, Defendants actually and proximately caused injuries to Plaintiff in that the telephone calls initiated by Defendants were an invasion of Plaintiff's privacy.

77. Plaintiff suffered damages in the form of invasion of privacy and harassment.

78. Plaintiff believes and alleges that Defendants' conduct constitutes oppressive, malicious, gross, and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and each of them, as follows:

- that Defendants' wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein; and

- that Defendants be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA")
### CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- any other such relief as this Court deems just and proper.

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- injunctive relief prohibiting such future misconduct, pursuant to 47 U.S.C. § 227(b)(3)(A); and

- any other such relief as this Court deems just and proper.

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT ("TCPA")
### 47 U.S.C. §§ 227, ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- injunctive relief prohibiting such future misconduct, pursuant to 47 U.S.C. § 227(b)(3)(A); and

- any other such relief as this Court deems just and proper.

### VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT ("CIPA")
### CAL. PEN. CODE §§ 630, ET SEQ.

- General and special damages in an amount according to proof;

- statutory damages of $5,000.00 for each instance of misconduct in violation of California Penal Code § 630, et seq.

- prejudgment interest in an amount to be determined at trial, pursuant to California Code

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

§ 3287(a);

- attorney's fees and costs of suit; and

- any other such relief as this Court deems just and proper.

### NEGLIGENCE

- A judgement against each Defendant for general and compensatory damages in an amount to be proven at trial;

- prejudgment interest in an amount to be determined at trial, pursuant to California Code § 3287(a);

- punitive damages in an amount to be determined at trial; and

- any other such relief as this Court deems just and proper.

### TRIAL BY JURY

79. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: December 26, 2017

Respectfully Submitted,

KAZEROUNI LAW GROUP, APC

By: _____
ABBAS KAZEROUNIAN, ESQ.
EMILY C. BEECHAM, ESQ.
*Attorneys for Plaintiff*

<u>Additional Counsel for Plaintiff:</u>

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Abbas Kazerounian (249203); Emily C. Beecham (315462)<br>Kazerouni Law Group, APC<br>245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626<br>TELEPHONE NO.: (800) 400-6808   FAX NO.: (800) 520-5523<br>ATTORNEY FOR *(Name)*: Plaintiff Gregory Collins | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/26/2017** at 12:49:25 PM<br>Clerk of the Superior Court<br>By Marivel Martinez-Frengel, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Gregory Collins v. Synchrony Financial, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2017-00049878-CL-NP-CTL<br><br>JUDGE: Judge Judith F. Hayes<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify)*:

5. This case ☐ is   ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/26/17
Abbas Kazerounian
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependant Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form
button after you have printed the form.

[ Save This Form ]    [ Print This Form ]    [ Clear This Form ]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:     330 W Broadway
CITY AND ZIP CODE:     San Diego, CA 92101-3827
BRANCH NAME:           Central
TELEPHONE NUMBER:   (619) 450-7068

PLAINTIFF(S) / PETITIONER(S):       Gregory Collins

DEFENDANT(S) / RESPONDENT(S):   Synchrony Financial et.al.

GREGORY COLLINS VS SYNCHRONY FINANCIAL [IMAGED]

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2017-00049876-CL-NP-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Judith F. Hayes                                      Department: C-68

**COMPLAINT/PETITION FILED: 12/26/2017**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/27/2018 | 09:30 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00049876-CL-NP-CTL       CASE TITLE: Gregory Collins vs Synchrony Financial [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
          **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
          **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
          **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Gregory Collins |
|---|
| DEFENDANT(S): Synchrony Financial et.al. |
| SHORT TITLE: GREGORY COLLINS VS SYNCHRONY FINANCIAL [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00049876-CL-NP-CTL |
|---|---|

Judge: Judith F. Hayes                                             Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____               Date: _____

_____               _____
Name of Plaintiff                              Name of Defendant

_____               _____
Signature                                      Signature

_____               _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____               _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 12/27/2017                              _____
                                               JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|